[Cite as *In re A.M.S-J.*, 2019-Ohio-1160.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J |
| A.M. S-J.<br>(DOB 12/12/2016) | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| | Case No. 2018CA00170 |
| | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Juvenile Court Division Case No. 2017JCV00042 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | |
| | March 28, 2019 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Father-Appellant |
|---|---|
| BRANDON J. WALTENBAUGH<br>Stark County Department of<br>Jobs and Family Services<br>402 2nd Street, SE<br>Canton, Ohio 44702 | DAVID L. SMITH<br>P.O. Box 20407<br>Canton, Ohio 44701 |

*Hoffman, P.J.*

**{¶1}** Appellant A.J. appeals the judgment entered by the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of his son A. S-J. to Appellee, the Stark County Department of Job and Family Services (hereinafter "JFS").

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** A. S-J. was born December 12, 2016. Four days later, the Carroll County Department of Job and Family Services filed a complaint alleging the child was dependent, neglected, and abused. Stark County accepted jurisdiction over the case on January 10, 2017, because the child's mother resided in Stark County.

**{¶3}** The original complaint alleged concerns the child tested positive for opiates at birth, Mother had other children not in her custody due to her drug use, and Appellant was not in a position to safely care for the child. Appellant's case plan required him to go to Northeast Ohio Behavioral Health for a parenting assessment, and to CommQuest for a drug and alcohol evaluation. He was further required to participate in Goodwill Parenting classes and individual counseling.

**{¶4}** Appellant was prescribed medication for ADHD, and submitted to drug screens. The screens showed he was not taking his medication prescribed for ADHD. On seven of forty-eight screens, he tested positive for cocaine, crystal methamphetamine, and/or alcohol. Appellant was then asked to engage again in a drug and alcohol assessment, which he failed to complete.

**{¶5}** Appellant took the Goodwill Parenting class in November of 2017, but did not successfully complete the class. Appellee recommended he take the class again after engaging in counseling and taking his prescribed medication. Pursuant to Goodwill rules, Appellant could not enroll again in the program until July of 2018, as before enrolling

again he had to maintain three to four months of sobriety and engage in counseling. Goodwill parenting was willing to take him in the August, 2018 session if he screened clean for drugs two times. He missed the Goodwill Parenting appointment in August because he had been arrested for child endangering and disorderly conduct and was in jail.

{¶6} The child has many medical issues. He had seizures early on in his life. He has a speech therapist, feeding therapist, neurologist, physical therapist, and nutritionist. He was on phenobarbital for nine months after birth because he tested positive for opiates. He struggled with taking a bottle, and required a thickened formula requiring care during feeding. Initially he was about two months behind on developmental milestones, but at the time of the permanent custody hearing was doing much better. The foster mother quit working full-time to care for the child's many needs, and the foster parents are interested in adopting him.

{¶7} Appellee filed a motion for permanent custody on August 24, 2018. Mother did not appear for the hearing and was found to have abandoned the child. The court found the child could not be placed with Appellant within a reasonable period of time, and further the child was in the custody of Appellee for more than twelve of the last twenty-two months. The court found permanent custody of the child was in the best interests of the child, and awarded permanent custody to Appellee.

{¶8} It is from the October 29, 2018 judgment of the court terminating parental rights and awarding permanent custody of A. S-J. Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. THE TRIAL COURT'S JUDGMENT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

I.

**{¶9}** Appellant argues the judgment finding the child could not be placed with him within a reasonable period of time was against the manifest weight of the evidence.

**{¶10}** A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

**{¶11}** In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the

trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); *See also, C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel*, 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶12} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id*. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984):

> The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.

{¶13} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); *see, also, In re: Christian*, 4th Dist. Athens App. No. 04CA10, 2004-Ohio-3146; In re: C. W., 2nd Dist. Montgomery App. No. 20140, 2004-Ohio-2040.

**{¶14}** Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services

agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

**{¶15}** In the case sub judice, the trial court found by clear and convincing evidence the child had been in the temporary custody of a public children services agency for twelve or more months of a consecutive twenty-two month period pursuant to R.C. 2151.414(B)(1)(d). Appellant does not challenge the trial court's finding. This finding alone, in conjunction with a best-interest finding, is sufficient to support the grant of permanent custody. *In re Calhoun,* 5th Dist. No. 2008CA00118, 2008–Ohio–5458, ¶ 45. We therefore need not address Appellant's argument the trial court's finding pursuant to R.C. 2151.414(B)(1)(a) was against the manifest weight and sufficiency of the evidence.

**{¶16}** The first assignment of error is overruled.

II.

**{¶17}** In his second assignment of error, Appellant argues the court's finding permanent custody was in the best interests of the child is against the manifest weight and sufficiency of the evidence.

{¶18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶19} During the best interests portion of the trial, Paige Horn, the caseworker employed by Appellee assigned to Appellant's case, testified the child tested positive for opiates at birth and was on phenobarbital for nine months. He had seizures after birth. Because he could not take a bottle, he was fed thickened formula and feeding required careful observation. He was involved in feeding therapy, speech therapy, and physical therapy, and had a neurologist because the back of his head was flat. Help Me Grow was involved, and he was two to three months behind developmental milestones.

{¶20} In the foster placement, the child was doing very well and had come a long way. He was a bit behind, but was able to walk and run, say words, and understand what was said to him. Although he was doing well, he was still medically fragile, and had special needs. The foster mother quit her full-time job and switched to working two midnight shifts in order to be give the child the care he requires.

{¶21} The child had been in the same foster home for nearly two years at the time of trial. He had a significant bond with the foster parents and both of their biological children. The family was interested in adoption.

{¶22} The caseworker further testified Appellant absolutely loves and has a bond with his son. She observed a bond between Appellant and the child, and although the child was not old enough to say how he feels, he appeared comfortable with Appellant. However, she testified she believed permanent custody was in the best interests of the child because Appellant had not been successful in completing his case plan, and was unable to place his child's needs above his own.

{¶23} The guardian ad litem assigned to the case testified he met with Appellant many times during the life of the case. He did observe a bond between Appellant and his child at visits. He believed Appellant wanted the child back, but Appellant's arrest in August of 2018, was the straw that broke the camel's back, and the guardian did not believe Appellant had the child's best interests in mind. His recommendation was permanent custody be granted to Appellee, and he believed permanent custody to be in the child's best interests.

{¶24} Based on the testimony, we find the trial court's finding permanent custody is in the best interests of the child is supported by clear and convincing evidence and is not against the manifest weight of the evidence.

{¶25} The second assignment of error is overruled.

{¶26} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur